Case 4:20-cv-02845   Document 1-1   Filed on 08/14/20 in TXSD   Page 1 of 13

7/9/2020 9:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44374281
By: Rhonda Momon
Filed: 7/9/2020 9:34 AM

CAUSE NO.: _____

| | | |
|---|---|---|
| OKWESILIEZE WOMEN'S CLUB OF NIGERIA INTERNATIONAL AND GBOLIWE "GRACIE" CHUKWU<br>*Plaintiffs*, | § § § § § § | IN THE DISTRICT COURT<br><br>____ JUDICIAL DISTRICT |
| v. | § § | |
| DE OKWESILIEZE INTERNATIONAL WOMEN'S CLUB, AND IJEOMA OPARA,<br>*Defendants*. | § § § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Okwesilieze Women's Club of Nigeria International ("OWCNI"), Plaintiff in the above-styled cause, and files this, its Original Petition, and in support thereof would show the Court as follows:

## DISCOVERY PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## PARTIES

2. Plaintiff Okwesilieze Women's Club of Nigeria International is a Texas Domestic Nonprofit Corporation operating in Texas.

3. Plaintiff Dr. Gboliwe "Gracie" Chukwu, is an individual and founder and registered agent of the Plaintiff Organization and TradeMark.

4. Defendant Ijeoma Opara, is an individual who may be served at, 2423 Kenbridge Drive, Houston, Texas, 77067, or wherever she may be found.

5. Defendant De Okwesilieze International Women's Club is a Texas nonprofit corporation who may be served with process by serving its President, Genevieve Onyirioha, at 12710 Walnut Bend Ct. Missouri City, TX 77489 USA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this case because the amount in controversy is within the jurisdictional limits of this Court.

7. This Court has jurisdiction over each Defendant because each Defendant is a Texas resident or an entity incorporated in Texas.

8. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## BACKGROUND

**A. History of Okwesilieze Women's Club of Nigeria**

9. Okwesilieze Women's Club of Nigeria was founded in 1976 in Enugu, Nigeria. Today, the club has grown extensively with Chapters all around the world. On January 21, 2003 the Texas Chapter was founded by Dr. Gboliwe "Gracie" Chukwu.

10. In 1984, the discussion to open OWCNI's Houston branch started. In September 2003 OWCNI registered with the Texas Secretary of State as a domestic nonprofit corporation.

11. On August 11, 2017, Dr. Chukwu filed an application to trademark "Okwesilieze Women's Club" with the United States Patent and Trademark Office.

12. On March 26, 2019, the United States Patent and Trademark Office granted the trademark "Okwesilieze Women's Club" under Reg. No. 5,710,648. The certificate notes that the trademark has been in use and commerce since September 2003.

13. Since 2003, the Okwesilieze Women's Club Houston branch has been a nonprofit

organization designed for women with common goals and objectives regarding issues that affect the quality of life for Nigerian women from the Igbo tribe, their families and Nigerian society here in the United States and back home.

14. As a result, the Okwesilieze Women's Club enjoys extensive common law trademark rights in the Okwesilieze Women's Club mark.

15. Due to Plaintiff's extensive marketing efforts and success, the Plaintiff's Trademark has become an extremely valuable advertising asset.

16. The Okwesilieze Women's Club Trademark is a strong and distinctive mark, which is immediately recognized by the public as a brand indicator of, and inextricably associated with, Plaintiff's non-profit humanitarian efforts.

17. Defendant Chioma Opara and other members of the Defendant Organization, were all members of OWNCI until February 16, 2020, when they were expelled from the Club for various violations of the OWCNI constitution.

**B. The Expelled Members Form A New Entity With a Similar Name**

18. On February 28, 2020, Defendants registered "De Okwesilieze International Women's Club" as a domestic non-profit corporation with Texas Secretary of State.

19. Rather than develop their own brand names for their non-profit, Defendants have chosen to market their non-profit using Plaintiff's Okwesilieze Women's Club mark, without authorization or license.

20. On March 10, 2020, Plaintiff's counsel wrote to Defendants detailing Plaintiff's rights in its Okwesilieze Women's Club Trademark and demanding that Defendants stop advertising their competing nonprofit organization with the Okwesilieze Women's Club Mark.

Original Petition & Request for Injunction/Okwesilieze Women's Club

21. Defendants responded Plaintiff's demand in a letter dated March 19, 2020 in which they make it clear that they intend to continue to infringe on Plaintiff's trademark and rights.

22. Defendants adopted and use the Okwesilieze Women's Club mark with full knowledge of, and in willful disregard of Plaintiff's intellectual property rights, and with the intent to take advantage of the goodwill that Plaintiff has developed in the Okwesilieze Women's Club Trademark.

## CAUSES OF ACTION

23. Plaintiff asserts the following causes of action against Defendants, conjunctively and/or in the alternative.

*A. Trademark Infringement*

24. Defendants' acts are likely to cause confusion, mistake or deception as to source, affiliation, or sponsorship, in violation of 15 U.S.C. § 1114.

25. Upon information and belief, Defendants adopted and use the Okwesilieze Women's Club's mark with full knowledge of, and in willful disregard of Plaintiff's rights in its trademark, and with the intent to obtain a commercial advantage that Defendants otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. § 1117.

26. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

27. Plaintiff has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

28. Defendants' acts also are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is

without an adequate remedy at law.

## B. Trademark Dilution

29. The Okwesilieze Women's Club Trademark is inherently distinctive and famous under 15 U.S.C. § 1125(c).

30. Defendants' unlawful use of the Okwesilieze Women's Club Trademark in commerce began long after the Okwesilieze Women's Club Trademarks became famous.

31. Defendants' conduct causes, and will continue to cause, dilution of the distinctive quality of the famous Okwesilieze Women's Club Trademarks.

32. Upon information and belief, Defendants adopted and use the Okwesilieze Women's Club mark with full knowledge of the Okwesilieze Women's Club Trademark, and with the willful intention to trade on Plaintiff's reputation and/or cause dilution of the famous Okwesilieze Women's Club Trademark, making this an exceptional case pursuant to 15 U.S.C. § 1117.

33. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

34. Plaintiff has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

35. Defendants' acts also are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

## C. Unfair Competition

36. Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, or as to the origin,

Original Petition & Request for Injunction/Okwesilieze Women's Club

sponsorship, or approval of Defendants' competing non-profit social club. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

37. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

38. Plaintiff has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

39. Defendants' acts also are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

*D. Trademark Infringement (State)*

40. Subject to the principles of equity, the owner of a mark that is famous and distinctive, inherently or through acquired distinctiveness, in this state is entitled to enjoin another person's commercial use of a mark or trade name that begins after the mark has become famous if use of the mark or trade name is likely to cause the dilution of the famous mark. A mark is considered to be famous if the mark is widely recognized by the public throughout this state or in a geographic area in this state as a designation of source of the goods or services of the mark's owner.

(1) Okwesilieze Women's Club has been in existence since 1976, the Houston Chapter has been operating since September 2003;

(2) Okwesilieze Women's Club is known throughout the State of Texas, the U.S. and internationally as a group that supports Nigerian women and Nigerian culture;

(3) Okwesilieze Women's Club is the only club known and recognized by that name in the State of Texas; and

(4) Okwesilieze Women's Club of Nigeria International has been registered as a non-profit corporation with the State of Texas Secretary of State since 2003 and registered with the United States Patent and Trademark Office since March 26, 2019.

*E. Deceptive Trade Practices*

41. No person may disseminate a statement he knows materially misrepresents the cost or character of tangible personal property, a security, service, or anything he may offer for the purpose of inducing a person to contract with regard to the tangible personal property, security, service, or anything he may offer.

42. No person may solicit advertising in the name of a club, association, or organization without the written permission of such club, association, or organization or distribute any publication purporting to represent officially a club, association, or organization without the written authority of or a contract with such club, association, or organization and without listing in such publication the complete name and address of the club, association, or organization endorsing it.  A person's proprietary mark appearing on or in a statement is prima facie evidence that the person disseminated the statement.

43. Defendants have been expressly forbidden from the continued use of Plaintiff's Trademark but have continued to do so.

**REQUEST FOR TEMPORARY INJUNCTION**

Original Petition & Request for Injunction/Okwesilieze Women's Club

44. Plaintiff hereby applies for injunctive relief. Plaintiff's request for injunctive relief is supported by the Declaration of Dr. Gboliwe "Gracie" Chukwu, **EXHIBIT 1**.

45. Plaintiff requests that, with prior notice to the adverse parties if possible, and hearing, the Court order the clerk to issue a writ of injunction consisting of a temporary injunction ordering Defendants not to use the name Okwesilieze Women's Club of Nigeria International, De Okwesilieze International Women's Club, or any similar name.

46. The specific facts relied on by the applicant to justify the issuance of a writ of injunction are contained above. Summarily, Defendants have incorporated a nonprofit entity with a name substantially similar to an entity that has existed for years and has become distinctive among the Nigerian community and have marketed that name to the same community.

47. The legal and equitable grounds that justify the issuance of a writ of injunction on the basis of the foregoing facts are as follows:

    a. First, the applicant is entitled to the relief demanded, and all or part of the relief requires the restraint of some act prejudicial to the applicant. TEX. CIV. PRAC. & REM. CODE § 65.011(1).

    b. Second, the applicants are entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunctions, and irreparable injury to real or personal property is threatened, irrespective of any remedy at law. TEX. CIV. PRAC. & REM. CODE § 65.011(3), (5).

48. Applicant does not have an adequate remedy at law. For a legal remedy to be adequate, it must give the applicant complete, final, and equal relief. *See **Universal Health Servs. v. Thompson**, 24 S.W.3d 570, 577 (Tex.App.—Austin 2000, no pet.); **Henderson v. KTRS,***

*Inc.*, 822 S.W.2d 769, 773 (Tex.App.—Houston [1st Dist.] 1992, no writ). For purposes of injunctive relief, there is no adequate remedy at law if (1) damages cannot be calculated; (2) damages cannot be measured by any certain pecuniary standard; or (3) the defendant will be unable to pay damages. *See* **Butanaru v. Ford Motor Co.**, 84 S.W.3d 198, 204 (Tex.2002); **Texas Indus. Cas v. Phoenix Metallurgical Corp.**, 828 S.W.2d 529, 533 (Tex.App.—Houston [1st Dist.] 1992, no writ). Defendants are actively marketing and using the name De Okwesilieze International Women's Club, and their use dilutes and damages Plaintiff.

49. A greater injury to the applicant will result if an injunction is not issued than will result to the adverse parties if an injunction is issued

50. Plaintiff is likely to prevail on its claims against the Defendants, and it is likely to suffer irreparable injury if the Court does not issue the injunctive relief requested herein.

51. A hearing on the applicant's petition for temporary injunction is requested within fourteen days. Plaintiff also requests that a permanent injunction be granted at the conclusion of trial.

52. Applicant requests that it be granted a judgment for the reasonable attorney's fees and expenses incurred in obtaining a writ of injunction.

53. Applicant requests that it be granted any other relief to which it may be legally entitled.

## CONDITIONS PRECEDENT

54. All conditions precedent necessary to maintain this action have been performed or have occurred.

## DAMAGES

55. Plaintiff seeks its actual damages, including but not limited to the following:

    a. all monetary actual and/or statutory damages sustained and to be sustained by Plaintiff as a consequence of Defendants' unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

    b. all profits, gains, and advantages obtained by Defendants from their unlawful conduct.

56. Pursuant to the pleading requirements of Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff announces that it seeks monetary relief over $200,000 but not more than $1,000,000.

57. The actions committed by Defendants, as described herein, was the kind of fraud, gross negligence, malice, and callous disregard for which the law allows the imposition of exemplary damages.

58. Defendants' misrepresentations, when viewed objectively from their standpoint at the time of the conduct, involved intentional harm to Plaintiff, and Defendants were actually, subjectively aware of their intent to deceive and distort the trust of Plaintiff. Defendants' acts and omissions, which constituted fraud and malice, were a proximate cause of Plaintiff's damages. Therefore, Plaintiff sues for exemplary damages in the amount determined by the trier of fact.

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and after final hearing,

   1.   Enter judgment that Defendants have violated the Lanham Act, 15

Original Petition & Request for Injunction/Okwesilieze Women's Club

U.S.C. §§ 1114, 1125; Texas Business and Commerce Code § 16.103, Texas Business and Commerce Code § 17.12, Texas Business and Commerce Code § 17.46, Texas Deceptive Trade Practices Act ("DTPA"), and Texas common law, and that such violations were willful and intentional, making this an exceptional case;

    2.    Issue a temporary and permanent injunction enjoining and restraining Defendants and its officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with it, jointly and severally, from directly or indirectly engaging in any further trademark infringement, trademark dilution, unfair competition, or deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to the Plaintiff's Trademark, including the Okwesilieze Women's Club Mark, or any other trademarks owned by Plaintiff;

    3.    Require Defendants to immediately recall from all distribution channels all, advertising, and promotional materials bearing or infringing on the Plaintiff's Trademark, including the Okwesilieze Women's Club Mark, or any other trademarks owned by Plaintiff;

    4.    Require Defendants to immediately deliver to Plaintiff for destruction all advertising, and promotional materials bearing or infringing on the Plaintiff's Trademark, including the Okwesilieze Women's Club Mark, or any other trademarks owned by Plaintiff, pursuant to 15 U.S.C. § 1118;

    5.    Order Defendants to account to Plaintiff all donations wrongfully derived by their unlawful conduct and to pay to Plaintiff:

        a.    all monetary actual and/or statutory damages sustained and to be sustained by Plaintiff as a consequence of Defendants' unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

Original Petition & Request for Injunction/Okwesilieze Women's Club

      b.      all profits, gains, and advantages obtained by Defendants from their unlawful conduct;

      c.      exemplary damages, including treble damages resulting from Defendants' unlawful conduct;

      d.      pre-judgment interest on all damages; and

      e.      Plaintiff's costs and disbursements in this action, including its reasonable attorney's fees;

6.    Direct that Defendants file with this Court and serve on counsel for Plaintiff within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction; and

7.    Order any such other or further relief as the Court may deem just and proper.

Original Petition & Request for Injunction/Okwesilieze Women's Club

Respectfully submitted,

ROGER G. JAIN & ASSOCIATES, P.C.

_____
Roger G. Jain
TBN: 00787759
Thomas H. Smith III
TBN: 24051355
9301 Southwest Freeway, Suite 250
Houston, Texas 77074
Tel.: (713) 981-0600
Fax: (888) 200-6848
info@rogergjain.com

NWOKOYE LAW FIRM, PLLC

Violet Nwokoye
TBN: 24041607
3620 South Cooper St. Suite #100
Arlington, Texas 76015
Tel: (817) 962-0773
Fax: (888) 517-4445
violet@nwokoyelaw.com

ATTORNEYS FOR PLAINTIFF