NO. 2020-40705

| | | |
|---|---|---|
| OKWESILEZE WOMEN'S CLUB OF NIGERIA INTERNATIONAL AND GBOLIWE "GRACE" CHUKWU | § § § § | IN THE DISTRICT COURT |
| VS | § § § | HARRIS COUNTY, TEXAS |
| DE OKWESILIEZE INTERNATIONAL WOMEN'S CLUB, IJEOMA OPARA | § § § | 281ᵀᴴ JUDICIAL DISTRICT |

## DEFENDANT's ORIGINAL ANSWER & COUNTER CLAIM

COMES NOW, Defendants, DE OKWESILIEZE INTERNATION WOMEN'S CLUB, AND IJEOMA OPARA and files their ORIGINAL ANSWER and COUNTER CLAIMS.

## A. GENERAL DENIAL

1. Defendants generally deny all allegations in Plaintiff's Original Petition.

## FACTS PERTINENT TO THE CLAIMS

2. OKWESILEZE WOMEN'S CLUB OF NIGERIA INTERNATIONAL (aka OWCNI) is as Plaintiffs' plead a Texas Domestic Nonprofit Corporation. As such it is governed by Chapter 22 of the Texas Business Organization Code (TBOC) as amended;its Constitution and any other relevant governing documents.

3. Individually named plaintiff, Gboliwe Gracie Chukwu (Gboliwe Chukwu) is upon information and believe, at the time of the filing of the lawsuit, not a member of OWCNI. As of February 17, 2020, her membership in the OWCNI had been properly terminated. It has, up to the present time, not been reinstated.

1

4. Gboliwe Chukwu was at all times relevant to the events which triggered this lawsuit, including at the time of her membership termination, not an officer of OWNCI, Houston, Texas. As judicially admitted in her pleadings, she lacks the standing and authority to bring or defend a lawsuit on behalf of OWCNI.

5. Similarly, Attorney Ijeoma Opara, was at the time of the events which triggered the lawsuit, now inclusive, was neither a member of the Board of Director or officer OWCNI. She is not liable in any capacity for any alleged violations of OWCNI. Her only nexus to OWCNI is as a member in good standing of the corporation.

6. OWCNI did not authorize the filing of this lawsuit. Plaintiff entity and Defendant entity are the same entity managed by the same officers and directors. The usage of the name De Okwesilieze is only intended to safeguard the assets and goodwill of the entity and its members during the pendency of this dispute which triggered this lawsuit.

7. An entity cannot infringe or dilute its own trademark. The alleged trademark is an asset of the corporation and not the personal property of any former or present member of the corporation including Gboliwe Chukwu.

8. Defendants deny that all conditions precedent to the filing of this lawsuit have been met and that the lawsuit is either legitimate or authorized.

## **VERIFIED DENIALS**

9. Plaintiffs lack the capacity to sue and\or Defendants, in particular, Defendant Ijeoma Opara, has not legal capacity to be sued.

10. Plaintiffs, in particular, Gboliwe Chukwu, is not entitled to recover in the capacity in which she has sued and because named entity Defendant cannot be liable to itself, it is not liable in the capacity in which it has been sued. Additionally, the lawsuit is not authorized by OWNCI.

2

11. There is a defect of parties.

12. Notice and proof of actual loss or claim for damages has neither been provided nor given as alleged.

## AFFIRMATIVE DEFENSES

13. Defendant entity pleads the affirmative defense of fraud.

14. Defendant entity pleads the affirmative defense of estoppel.

## COUNTER CLAIMS

15. Defendant entity incorporates by reference as applicable paragraphs 1 to 14 above and based thereon pleads asserts the following counter claims.

16. Individual and Improper Plaintiff has usurped the corporate opportunities of Plaintiff-Defendant entities and is counter sued for fraud and usurpation of corporate opportunities.

17. Individual and Improper Plaintiff has converted the fiscal and intellectual properties or the Plaintiff-Defendant entities.

## PRAYER

18. Defendant(s) pray that the Court would grant its planned request for a forensic audit of Plaintiff entity accounts so that it may be determined with reasonable certainty the amount of Plaintiff's entity funds that Individual Plaintiff has converted over the years.

19. Enter a Declaratory Judgment that both Plaintiff and Defendant entities are one and the same and are not the personal property of any individual(s) including the Individual Plaintiff.

20. Enter a Declaratory Judgment that the trademark is the corporate asset of the Plaintiff and Defendant entities and not owthe personal property of the Individual Plaintiff.

20. Enter a Declaratory Judgment voiding all attempts by the Individual Plaintiff prior to and subsequent to the events which triggered this lawsuit to misappropriate the corporate assets of Plaintiff entity, her unauthorized and rash filings of dbas purporting to claim ownership of the Plaintiff entity or its tradename and her unilateral and unauthorized acts of altering\changing the corporate records in the Office of the Texas Secretary of State ( Tx. SOS).

21. For these reasons and as may be subsequently amended, Defendants ask the court to DENY any every interim relief sought by Plaintiffs and that upon final trial, to enter judgment that the Plaintiff takes nothing, grant judgment in Defendant(s) favor, asses cost against Plaintiff, and award Defendants all other relief to which they are entitled.

## VERIFICATION OF DR. GENEVIEVE ONYIRIOHA

I, Dr. Genevieve Onyirioha, state that I am the president of the Plaintiff and Defendant entities and the Board Chairperson of the Defendant entity at all times relevant to the facts which triggered this lawsuit; that I have read the Original Answer and Counter Claims and that the facts therein are true and correct based on my personal knowledge.

*[signature]*
DR. GENEVIEVE ONYIRIOHA  DATE: 8\13\2020
AFFIANT

*[signature]*
NOTARY PUBLIC


DEBRA NUNLEY
Notary Public, State of Texas
Comm. Expires 05-28-2021
Notary ID 10574023

Respectfully Submitted,

By: /s/ James O. Okorafor
JAMES O. OKORAFOR
SBOT #15241710
10101 FONDREN RD. STE 260
HOUSTON, TX 77096
TEL:713-839-9700;
EMAIL: laws@joolaws.com
ATTORNEY FOR DEFENDANTS