# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **Okwesilieze Women's Club of Nigeria International, and Gboliwe G. Chukwu.** § § §<br>    *Plaintiffs,* § §<br>*verses* § §<br>**De Okwesilieze International Women's Club, and Ijeoma Opara.** § § §<br>    *Defendants.* § | | Civil Action 4:20—cv—02845 |

**DEFENDANT, IJEOMA OPARA'S, MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 21**

TO THE HONORABLE JUDGE LEE H. ROSENTHAL, UNITED STATES DISTRICT JUDGE:

## SUMMARY OF THE ARGUMENT

Defendant, Ijeoma Opara, files this Motion to Dismiss her from this lawsuit pursuant to Rule 21 of the Federal Rules of Civil Procedure. Defendant, Ijeoma Opara, has been improperly joined in this lawsuit. Her only nexus to this lawsuit is that she acted as an attorney who incorporated the Defendant entity and is also a member of Defendant entity. Neither of these reasons, as a matter of law, makes her a proper party to be joined in the lawsuit. Defendant entity is a Texas Non-Profit Corporation and members are NOT, as a matter of law, liable for the actions of the corporation. See Texas Business Organization Code (TBOC) Sec. 22.152. Also, with respect to her role as an attorney, Plaintiffs have no attorney client relationship with Ms. Ijeoma Opara and no privity of contract with her; therefore, there is no basis or theory of law, which permits Plaintiffs to name her as a Defendant in the lawsuit. Other than improperly naming Ms. Ijeoma Opara as a Defendant in the Style Section of the lawsuit and at paragraph No. 4,

1

pg. 1 of their Original Petition (Section on Parties), there is NO other mention of her name or any factual allegation against her relating to Plaintiffs alleged causes of action in Plaintiffs' entire 14 pages Original Petition. Her improper naming or joinder as a Defendant is an abuse of judicial process but in the spirit of seeking a reconciliation, no sanctions is sought, at this time.

## FACTUAL BACKGROUND

1. Improperly joined Defendant, Ms. Ijeoma Opara, is any attorney at law, licensed to practice law in the State of Texas. Upon information and believe, she acted as counsel and incorporator for the Defendant entity, De Okwesilieze International Women's Club.

2. At all times relevant to the events which triggered this lawsuit, Attorney Ijeoma Opara, was NOT a member of the Board of Directors nor an officer of Defendant entity. She is only a member of the Non-Profit Texas corporation.

3. Her mention in the lawsuit is limited to only two instances: improperly naming as a party in the Style Section and in the Parties Section at par. 4, pg. 1 of the Original Petition. There is no allegation in the pleading that she infringed or diluted the Trademark. There is no allegation that she engaged in acts of Unfair Competition or Deceptive Trade Practice against the Plaintiffs. She is an attorney and NOT engaged in the kinds of charitable activities that form the core entities or either Plaintiff or Defendant entities.

4. Additionally, the trademark in dispute is a corporate asset. It is owned wholly or partially by the entities in this lawsuit. As a matter of law, an entity cannot be liable for infringing or diluting its own trademark. Ms. Opara's corporate formation legal work (pro

bono) for the corporate entity is NOT and infringing or dilution of the corporate trademark.

## ARGUMENT AND AUTHORITIES

### IJEOMA OPRA AS A MEMBER OF THE NON- PROFIT CORPORATION IS NOT PERSONALLY LIABLE FOR ITS DEBT OR OTHER LIABILITIES.

5. Assuming without conceding, the viability of Plaintiffs lawsuit including its causes of action, and a final judgment for the Plaintiffs upon trial of this lawsuit, Ijeoma Opara, as a matter of statutory law, is still improperly joined as a party. The governing statute is the Texas Business Organization Code (TBOC). Section 22 of the TBOC governs Non-Profit corporations inclusive of the Parties entities and in states in Sec. 22.152 as follows: IMMUNITY FROM LIABILITY---"The members of a corporation are **NOT PERSONALLY LIABLE** for a debt, **liability,** or obligation of the corporation." (boldened and underlined for emphasis). Additionally, Ms. Ijeoma Opara, is NOT a director or officer of the corporation and there is no basis in law to join her in the lawsuit. Therefore, she should be dismissed.

### IJEOMA OPERA OWES NO DUTY TO PLAINTIFFS AND HAS NO PRIVITY OF CONTRACT WITH PLAINTIFFS.

6. Furthermore, assuming Plaintiffs have improperly joined Attorney Ijeoma Opara, on the basis of her work as an attorney, this also fails as matter of law. Plaintiffs are NOT here clients and she does NOT owe any duty to them; therefore, they cannot bring any viable tort-based cause of action against her. Additionally, there is no privity of contract between her and Plaintiffs and they cannot bring any valid contract related cause of action against her, including DTPA or Unfair Competition causes of action as alleged in their pleadings.

7.

## CONCLUSION

Plaintiffs have no valid legal basis to join Ms. Ijeoma Opara in this lawsuit. Assuming the unlikely scenario that Plaintiffs lawsuit survives a FRCP 12(b) Motion to Dismiss and\or a Motion for Summary Judgment, and that Plaintiffs are granted judgment upon trial, Ms. Ijeoma Opara, as a matter of law, is immune from any liability. For these reasons, Ms. Ijeoma Opara prays the Court to GRANT her Motion to Dismiss her from this lawsuit.

Respectfully Submitted:

\s\ James O. Okorafor
James O. Okorafor
SBOT # 15241710; FED # 12914
10101 Fondren, Suite 260
Houston, Texas 77096
TEL No: (713) 839-9700
EMAILS: laws@joolaws.com
**Counsel for Defendant, Ms. Ijeoma Opara**

## CERTIFICATE OF CONFERENCE

Counsel for Ms. Ijeoma Opara has conferred twice by phone including on September 15, 2020, during the Rule 26 Conference with Plaintiffs Counsel(s) regarding voluntarily dismissing Ms. Ijeoma Opara, Additionally, counsel followed up with this Request for Dismissal by email on September 22, 2020. It is Plaintiffs' response\ refusal to voluntarily dismiss which has necessitated the filing of this Motion to Dismiss. (September 23, 2020)

\s\ James O. Okorafor
**James O. Okorafor**
**Counsel for Defendant, Ms. Ijeoma Opara**

## CERTIFICATE OF SERVICE

This is to certify that on this the 28th day of September 2020; this motion was filed electronically and served electronically on the date reflected in the ECF System upon all registered parties and counsels pursuant to the Court's CM/ECF system.

\s\ James O. Okorafor
James O. Okorafor