**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OKWESILIEZE WOMEN'S CLUB OF** | § | |
| **NIGERIA INTERNATIONAL AND** | § | |
| **GBOLIWE "GRACIE" CHUKWU** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | Civil Action 4:20-cv-02845 |
| | § | |
| **DE OKWESILIEZE** | § | |
| **INTERNATIONAL WOMEN'S CLUB,** | § | |
| **AND IJEOMA OPARA,** | § | |
| *Defendants*. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT IJEOMA OPARA'S**
**MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Okwesilieze Women's Club of Nigeria International ("OWCNI"), and Gboliwe

Chukwu respond to Defendant Ijeoma Opara's Motion to Dismiss Pursuant to Federal Rules of

Civil Procedure, 21 hereinafter referred to as "Defendant's Motion" as follows:

**ARGUMENT AND AUTHORITY**

**A. Defendant Should not be Dismissed Pursuant to Rule 21 Because the Claims Asserted**
**Against her Arise out of the Same Transaction and Occurrence Made the Basis of This**
**Dispute**

1. This motion to dismiss was brought pursuant to Federal Rule 21.  Rule 21 does not

   provide a standard to determine whether a party has been improperly joined to a lawsuit

   or not, so courts often look to Rule 20 for guidance.  *Acevedo v. Allsup's Convenience*

   *Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).  Rule 20 discusses the permissive joinder

   of parties.  As stated under the rule, Defendants may be joined in one action if "(A) any

   right to relief is asserted against them jointly, severally, or in the alternative with respect

to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20.  Another fact courts consider is whether dropping a party would prompt efficient disposition of the case.  *Ochoa v. P.A.M. Transp., Inc.*, Civil Action No. SA-17-CV-787-XR, 2018 U.S. Dist. LEXIS 228909, at *3 (W.D. Tex. 2018).

2.  When applying this standard to the present case, it is clear that Defendant Ijeoma Opara should not be dismissed.  Plaintiffs have asserted their claims against Defendants jointly for actions arising out of the same transaction, occurrence, and series of transactions. Additionally, dismissing Defendant Ijeoma Opara would not prompt efficient disposition of the case.  Defendant's involvement with infringing on Plaintiffs' trademark will require her involvement throughout this litigation as she is a member of the Defendant entity who incorporated Defendant entity and was directly involved with the actions made the basis of this dispute.

3.  Therefore, Defendants' Rule 21 motion should be denied.

**B. Plaintiffs' Original Petition Meets the Pleading Requirements**

4.  While Defendant stated her motion was brought under Rule 21, her allegations that Plaintiffs failed to state a claim against her align more with a Rule 12(b)(6) motion. When presented with a Rule 12(b)(6) motion to dismiss, a court should liberally construe the pleadings to determine whether Plaintiff has given the defendant fair notice of the nature of the claim.  *Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n,* 110 F. Supp. 3d 719, 721 (W.D. Tex. 2015).  Moreover, Plaintiffs' Original Petition was filed in a Texas state court, and was drafted in accordance with the Texas Rules of Civil Procedure. Under the Texas Rules of Civil Procedure, original petitions need only contain a short

statement of the cause of action sufficient to give fair notice of the claims involved. TEX. R. CIV. P. 47.  When preparing a petition, a claimant is not required to detail all the facts upon which the claim is based.  A court should only dismiss a claim when it is clear that no relief can be granted under any set of facts as alleged in the compliant. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

5. Plaintiffs argue that their petition, as drafted, is sufficient to give fair notice of the nature of the claims against Defendants.

6. One of the bases for Defendant's claim that she should be dismissed from this case is that her name only appears in the style of the case and in the identification of the parties. Defendant argues that there aren't any factual allegations specifically alleged against her within the petition[1].

7. However, all the factual allegations alleged in the petition are alleged against each named defendant including Defendant, Ijeoma Opara.  As stated above, a petition is sufficient when it gives Defendant adequate notice of the claims asserted against her.  Defendant, Ijeoma Opara, was identified as a defendant in this case in the identification of parties section.  When asserting claims against multiple defendants, a plaintiff is not required to individually name each defendant within the petition if the facts and allegations asserted against each defendant are the same.

8. Plaintiffs' petition is sufficient to give Defendant notice that Plaintiffs are asserting claims against her for willfully and knowingly infringing on Plaintiffs trademark with the intent of taking advantage of Plaintiffs' goodwill for Defendant's own benefit.  Referring to "Defendants" within the pleading as opposed to Defendant Ijeoma Opara and

---

[1] In Plaintiff's Original Petition and Request for Temporary Injunction, paragraph 17 is intended to refer to Defendant Ijeoma Opara; however, there is a typo in the spelling of her name.

Defendant De Okwesilieze International Women's Club does not diminish the sufficiency of the pleadings to put her on notice of the claims asserted against her.

9.   Defendant also argues that she is not liable for the claims asserted against her because she is a member of the corporation and members are not liable for the actions of the corporation.

10.  While members are generally afforded protections from claims asserted against the corporation, the protections are not absolute.  Members remain personally liable for their own torts—even torts they commit when working for the corporation as in this case.  Additionally, members who engage in fraudulent behavior cannot hide behind the corporation for protection from liability as the corporate veil will be pierced.

11.  In this case, Defendant knowingly and intentionally infringed on Plaintiffs' trademark rights for her own benefit.  OWCNI has been registered with the Texas Secretary of State as a domestic nonprofit corporation since 2003.  After years of extensive marketing efforts and success, OWCNI has become well known and extremely valuable.  In 2017, Plaintiff Gboliwe Chukwu applied to trademark "Okwesilieze Women's Club" with the United States Patent and Trademark Office, and the application was granted in 2019.

12.  On February 16, 2020, Defendant was expelled from OWCNI for various violations of the OWCNI constitution.  Ten days later, Defendant registered "De Okwesilieze International Women's Club" as a domestic non-profit corporation with the Texas Secretary of State.  This was not done by accident or mistake but to intentionally market Defendant's new non-profit using Plaintiff's Okwesilieze Women's Club mark, without authorization or license

13. Plaintiff has properly specified actions by Defendant that gives rise to violations 15 U.S.C. § 1114 for trademark infringement, trademark dilution under 15 U.S.C. § 1125(c), unfair competition, and violations of the Deceptive Trade Practices Act and that gives fair notice of the claims asserted against her.

14. Given that Plaintiffs' petition is sufficiently plead to give fair notice of the claims asserted against Defendant, this Court should deny Defendant's Motion.

## C. Request for Opportunity to Replead

15. Should this Court determine that deficiencies exist within Plaintiff's Original Petition, Plaintiffs request that they be afforded an opportunity to replead to cure such deficiencies.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 21, and grant Plaintiffs any further relief to which they may be justly entitled.

Respectfully submitted this ___ day of October, 2020.

Respectfully submitted,

ROGER G. JAIN & ASSOCIATES, P.C.

_____
Roger G. Jain
TBN: 00787759
SD Tex ID # 16828
Thomas H. Smith III
TBN: 24051355
SD Tex ID # 1000096
9301 Southwest Freeway, Suite 250
Houston, Texas 77074
Tel.: (713) 981-0600
Fax: (888) 200-6848
info@rogergjain.com
Violet Nwokoye
SBOT# 24041607
SD Tex ID #3588011
3620 SOUTH COOPER ST. SUITE 100
ARLINGTON TEXAS 76015
phone: 817-962-0773
Violet@nwokoyelaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically submitted to the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  I certify that I have served all counsel of record electronically or by other manner authorized by Rule 5 of the Federal Rules of Civil Procedure.

_____
Roger G. Jain