| | | |
|---|---|---|
| Okwesilieze Women's Club of Nigeria International, and Gboliwe G. Chukwu. *Plaintiffs,* | § § § § | |
| *verses* | § § | Civil Action 4:20—cv—02845 |
| De Okwesilieze International Women's Club, and Ijeoma Opara. *Defendants.* | § § § | |

**DEFENDANT, IJEOMA OPARA'S, REPLY TO PLAINTIFFS' RESPONSE TO HER MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 21.**

TO THE HONORABLE JUDGE LEE H. ROSENTHAL, UNITED STATES DISTRICT JUDGE:

## SUMMARY OF THE ARGUMENT

Plaintiffs filed their Response to Defendant's Ijeoma Opara's Motion to Dismiss. Plaintiffs' argue that their Original Petition meets the Fair Notice standard of required by the TRCP 47. This is correct with respect to the corporate defendant. Plaintiffs additionally seem to argue that the Motion to Dismiss ( Attorney Ijeoma Opara) if granted, would result in the dismissal of their claims. This is incorrect because Plaintiffs' would continue to litigate the lawsuit against the corporate defendant entity, which is the real party in this lawsuit. Lastly, Plaintiffs' Request for Opportunity to Replead. If the Court is inclined to GRANT the Opportunity to Replead, Atty. Opara requests that the Court should suspend or defer a RULING on her Motion such that it may be amended after the Plaintiffs replead.

## DETAILED REPLY TO PLAINTIFFS RESPONSE

1. It is correct that Rule 21 does not provide a standard to determine misjoinders. The Fifth Circuit has held that "the district courts have looked to Rule 20 for guidance."

<u>Acedvedo v Allsup's Convenience Inc</u>., 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 establishes a two- prong test—the matter must arise out of the same transaction(s) or occurrence(s) **and** have a question of law or fact common to **all plaintiffs**. Plaintiffs' pleading do NOT and cannot meet this standard. With respect to the trademark claims, the parties agree that the asset is a corporate asset. Therefore, there is no question of law or fact common to all plaintiffs; the individual Plaintiff (Gboliwe G. Chukwu) has NO valid claim for either trademark infringement or dilution. Additionally, Atty. Ijeoma Opara's only nexus to the lawsuit is as a member of the corporate entity and an attorney who did the incorporation filing. The facts, when properly pled for trademark infringement or dilution, would NOT relate to her. It would be an extraordinary stretch of the law to imply that any attorney who incorporates an allegedly infringing trademark may be liable for infringement.

2. Today, there is neither a state nor federal valid cause of action for a non-client to bring a lawsuit against an attorney, with whom there is no attorney-client relationship. Thus, dismissing Atty Opara PRIOR to spending time and money on useless discovery would actually promote the efficient disposition of the case<u>. The real contention is between the corporate entities, the leadership of the entities, and ownership\control of the Trademark.</u> The pendent state claims are subsumed by the trademark claims. For all these claims—trademark infringement\dilution, DPTA and Unfair Competition, Attorney Opara has no beef in the fight and, and as a matter of law, is NOT a proper party and cannot be held liable. There is no Texas case supporting the erroneous proposition that members of a corporation are responsible for corporate torts. To the contrary, to the extent to which they are acting within the scope and employment of the

corporation, the Doctrine of Respondent Superior applies. At best, members are agents of the corporation when they act on behalf of the corporation. This is hornbook law. Plaintiffs are precluded from joining her and\or recovering from her. The governing statute is the Texas Business Organization Code (TBOC). <u>Section 22 of the TBOC</u> governs Non-Profit corporations inclusive of the Parties entities and states in <u>Sec. 22.152</u> as follows: IMMUNITY FROM LIABILITY---"The members of a corporation are **<u>NOT PERSONALLY LIABLE</u>** for a debt, **liability,** or obligation of the corporation." (boldened and underlined for emphasis). Additionally, Atty. Ijeoma Opara, is NOT a director or officer of the corporation and there is no basis in law to join her in the lawsuit. Therefore, she should be dismissed. It is really a waste of the Court's time and resources to consider these issues which are settled as a matter of statutory Texas law.

3. The remainder of Plaintiff's Response (pars. 11-12) are misstatement of facts. Individual Plaintiff, Gboliwe G. Chukwu, was dismissed from the corporation, and even prior to her dismissal, had and has no authority to represent the corporation. The undisputed facts would establish as follows: On November 17, 2019, Dr. Genevieve Onyirioha was elected as president of the corporation. Other Officers were elected for various other positions. <u>See Defendant's Initial Disclosure Bates Doc. Nos. 00019 - 00024</u>. On February 16, 2020, Individual Plaintiff, Gboliwe Grace Chukwu with her sister, Ms. Nkiruka Obih, were dismissed from the organization for disrupting its meeting and without the knowledge and consent of the Officers, inviting law enforcement officers to the meeting. <u>See Def. Bates Stamped Docs. Nos. 26-28.</u> Plaintiff, Ms. Chukwu, was at all times relevant to the dispute, NOT an officer of

director of the entity. She had and has no authority to act on behalf of the entity in any capacity. This lawsuit is premised on her mistaken notion that **she OWNS** the corporation(s) and its Trademarks. The parties via their counsels, have already agreed and would stipulate that the Trademark is an asset of the corporation. This lawsuit is merely her (Chukwu's) disguised retaliatory attack on the **duly elected leadership** of the entities. Although this is not the time to deal with the merits, if any, of Plaintiffs' lawsuit, including the threshold questions of her capacity to sue, it is pertinent to apprise the Court of the real controversy impeded in the lawsuit.

4. Plaintiffs have urged the Court to grant to them the right to replead. If the Court is so inclined, Atty. Opara requests the Court to defer or to suspend its ruling on her Motion to Dismiss grant to her the opportunity to re-urge the Motion with as Amended Motion. However, it remains Atty. Opara's position that she is improperly joined as a matter of Texas law and under a FRCP 20 analysis.

5. Atty. Opara seeks an award of attorney fees in the amount of $3000.00 for the time and effort her attorney has expended in this avoidable Motion filings. A stipulation by the parties or a Non-Suit by Plaintiffs' would have been sufficient to avoid the cost to Attorney Opara and to conserve scarce judicial resources. If the Court is not inclined to award the attorney fee at this stage, it is requested that the Court may take judicial notice of this request at the appropriate time.

## CONCLUSION & PRAYER

Plaintiffs Response does not provide any valid reasons for NOT dismissing Attorney Opara as a Defendant in this lawsuit. Both FRCP 20 and applicable Texas law requires her dismissal. Plaintiffs' have requested the opportunity to replead; if it is granted, Attorney Opara requests that

the Court defer its ruling on her Motion. Additionally, she requests that the Court award her attorney fee in the amount of $3,000.00 at this time or to take judicial notice of this request at the appropriate time. Her attorney, Mr. James O. Okorafor, would proffer testimony in support of attorney fee during the Conference or when required by the Court.

Respectfully Submitted:

\s\ James O. Okorafor
JAMES O. OKORAFOR
SBOT # 15241710; FED ID. # 16194
10101 Fondren Suite 260
Houston, Texas 77096
TEL NO: (713) 839-9700
EMAIL: laws@joolaws.com
Attorney for Defendants'

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing instrument was served via the Court's Electronic Filing System on October 30, 2020 to Plaintiffs counsels of record.

/s/ James O. Okafor
James O. Okorafor

**NOTE TO COURT & COUNSELS**: **Defendants Initial Disclosure would be ready and filed on Monday, Nov. 2, 2020. However, the documents relied upon in this Reply are already in the possession and control of Plaintiffs.**