United States District Court
Southern District of Texas
**ENTERED**
November 16, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| OKWESILIEZE WOMEN'S CLUB OF NIGERIA INTERNATIONAL, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-2845 |
| DE OKWESILIEZE INTERNATIONAL WOMEN'S CLUB, *et al.*, | § § § | |
| Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Competing nonprofit clubs of Nigerian women living in the United States dispute which group has the legitimate trademark and whether the defendant group converted funds belonging to the earlier formed plaintiff group.   The Plaintiff Club, the Okwesilieze Women's Club of Nigeria International, and its president and trademark registrant, Gboliwe Gracie Chukwu, sued the Defendant Club, the De Okwesilieze International Women's Club, and its members, Hope Waobikeze, Emiliana Chukwu, Rose Ekeke, Genevieve Onyirioha, Oluchi Duruji, Philomena Chinwe Ekwealor, Veronica Onwukamuche, Nkechi Eko, Ijeoma Opara, and Veronica Onunze. The plaintiffs allege that the defendants formed the competing group after they were expelled from the first group; that they wrote themselves checks from the Plaintiff Club's bank account purporting to reimburse themselves dues paid to that Club; and that they used the confusingly similar name "De Okswesilieze International Women's Club" for the newly formed Defendant Club.   The plaintiffs assert claims for trademark infringement, trademark dilution, unfair competition, conspiracy, conversion, breach of fiduciary duty, and deceptive trade practices. (Docket Entry No. 25 at 5–9).   The defendants filed a motion under Federal Rules of Civil

Procedure 12 and 56, and the plaintiffs responded.  (Docket Entry Nos. 44, 50).  Based on the pleadings, the summary judgment record, the parties' briefing, and the applicable law, the motion is granted in part and denied in part.  The reasons are discussed in detail below.

## I.      Background

The Okwesilieze Women's Club of Nigeria International was formed in Lagos, Nigeria in 1976.  (Docket Entry No. 50 at 21).  The Houston branch, the Plaintiff Club, began in 1984 and registered as a domestic nonprofit corporation with the State of Texas in 2003.  (Docket Entry No. 50 at 109).  The Plaintiff Club focuses on "issues that affect the quality of life for Nigerian women from the Igbo tribe, their families and Nigerian society here in the United States and back home." (Docket Entry No. 50 at 27).

Dr. Chukwu is the national president of the Plaintiff Club.  (Docket Entry No. 50 at 26). She filed an application to register the trademark "Okwesilieze Women's Club" with the United States Patent and Trademark Office on August 11, 2017.  (Docket Entry No. 50 at 27).  The Trademark Office registered the trademark "Okwesilieze Women's Club" under Reg. No. 5,710,648 on March 26, 2019.  (Docket Entry No. 50 at 31).  The trademark states that it is a service mark consisting of "standard characters without claim to any particular font style, size or color"; that the "wording 'OKWESILIEZE' has no meaning in a foreign language"; and that "[n]o claim is made to the exclusive right to use [the term "WOMEN'S CLUB"] apart from the mark as shown." (Docket Entry No. 50 at 31).

Defendant Ijeoma Opara became president of the Plaintiff Club in 2014.  (Docket Entry No. 50 at 27).  The plaintiffs allege that during Opara's tenure, she violated the Club's constitution, including by not attending meetings for over six months.  (Docket Entry No. 50 at 27–28).  Chukwu sent Opara a letter terminating Opara's Plaintiff Club membership on February 8, 2020.  (Docket

Entry No. 50 at 28).   On February 16, 2020, Opara held a meeting with the other individual defendants, which allegedly violated the Plaintiff Club's constitution.   (Docket Entry No. 50 at 28).   The meeting caused such a dispute that the police were called.   (Docket Entry No. 50 at 28). Chukwu alleges that the individual defendants were expelled from the Plaintiff Club on February 16, 2020.   (Docket Entry No. 50 at 28).

Chukwu's declaration in support of the plaintiffs' response to summary judgment alleges that on February 18, 2020, defendants Hope Waobikeze, Emiliana Chukwu, and Rose Ekeke withdrew $14,400.00 from the Plaintiff Club's savings account and $58,000.00 from the Club's checking account, without the Plaintiff Club's authorization.   (Docket Entry No. 50 at 28).   The money was divided among the individual defendants, who "all accepted the money" as "a refund" of their Plaintiff Club membership dues.   (Docket Entry No. 50 at 28).   Chukwu alleges that the individual defendants withdrew and distributed these funds without authority and that the Plaintiff Club's constitution states that membership dues payments are not refundable.   (Docket Entry No. 50 at 28).   Chukwu withdrew the remaining funds from the Plaintiff Club's account and transferred them to a new bank account, out of concern that the defendants would withdraw additional funds for themselves.   (Docket Entry No. 50 at 28–29).

Counsel for the Plaintiff Club sent Opara a letter dated February 26, 2020, notifying her that she had been formally expelled from the Plaintiff Club.   (Docket Entry No. 50 at 106).   On February 28, 2020, the individual defendants registered the name "De Okwesilieze International Women's Club" as a domestic nonprofit corporation with the State of Texas and named themselves as directors.   (Docket Entry No. 50 at 107).   The plaintiffs allege that the defendants have used the Plaintiff Club's trademark, the "Okwesilieze Women's Club," to advertise and fundraise for the

Defendant Club, infringing the trademark, and that the defendants converted the money they withdrew from the Plaintiff Club's bank accounts.   (Docket Entry No. 50 at 29).

The defendants moved to dismiss or for summary judgment.  (Docket Entry No. 44).  The plaintiffs moved for leave to withdraw deemed admissions and to file responses to the defendants' requests for admission, and filed a response to the motion to dismiss or for summary judgment. (Docket Entry Nos. 48, 50).  The plaintiffs' counsel moved to withdraw as counsel, (Docket Entry No. 56).  In the meantime, one of the individual defendants has died, and the parties agree that she should be dismissed from the lawsuit.  All else is disputed and addressed below.

## II.   The Applicable Legal Standard

The defendants filed this motion under both Federal Rule of Civil Procedure 12(c) and Federal Rule of Civil Procedure 56.   The defendants submitted affidavits and other materials outside the pleadings for the court's consideration.  In the response, the plaintiffs also submitted documents outside the pleadings.  The parties moved for summary judgment under Rule 56, mooting the Rule 12(c) motion.

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)).  "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 610 (5th Cir. 2018) (citations and quotation marks omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying

4

the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating' " that "'there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, [the summary judgment motion] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019) (citation and quotation marks omitted). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

**B.      The Summary Judgment Record**

The defendants submitted the following summary judgment evidence:

- an Assumed Name Record for Okwesilieze Women's Club of Nigeria International Texas, USA, filed with the County Clerk of Harris County by Grace Nwagboliwe Chukwu and Caroline Nkyruk Richard-Ohih, (Docket Entry No. 44-3);

- an Assumed Name Record for Okwesilieze of Houston-Texas filed with the County Clerk of Harris County by Grace Nwagboliwe Chukwu and Caroline Nkyruk Richard-Ohih, (Docket Entry Nos. 44-4);

- an Assumed Name Record for Okwesilieze Women's Club of Texas filed with the County Clerk of Harris County by Grace Nwagboliwe Chukwu and Caroline Nkyruk Richard-Ohih, (Docket Entry Nos. 44-5);

- an Assumed Name Record for Okwesilieze Women's Club of Texas filed with the County Clerk of Harris County by Grace Nwagboliwe Chukwu and Caroline Nkyruk Richard-Ohih, (Docket Entry Nos. 44-6);

- a list of businesses with assumed names that include the word "Okwesilieze," (Docket Entry No. 44-7);

- the defendants' first request for admissions, (Docket Entry No. 44-8);

- an email with the requests for admissions attached sent by the Okorafor Law Group, counsel for the defendants, (Docket Entry No. 44-9);

- a photograph of the "service mark of Nigerian entity," (Docket Entry No. 44-10);

- the defendants' response to the plaintiffs' request for admissions, (Docket Entry No. 44-11);

- the defendants' response to plaintiffs' interrogatories, (Docket Entry No. 44-12);

- the defendants' response to plaintiffs' request for production, (Docket Entry No. 44-13);

- the plaintiffs' objections and answers to defendants' first set of written interrogatories, (Docket Entry No. 44-14); and

- the plaintiffs' objections and responses to the defendants' first requests for production and second request for admissions, (Docket Entry No. 44-15).

The plaintiffs submitted the following summary judgment evidence:

- the declaration of Dr. Gboliwe Gracie Chukwu, the National President of Okwesilieze Women's Club of Nigeria International, (Docket Entry No. 50 at 26–30);

- a trademark certification filed by Dr. Gracie Chukwu with the United States Patent and Trademark Office, (Docket Entry No. 50 at 31);

- 35 signed checks from Hope Obika Waobikeze, (Docket Entry No. 50 at 39–112);

- a letter sent by Thomas H. Smith III, to Ijeoma Opara, dated February 26, 2020, (Docket Entry No. 50 at 106);

- the articles of incorporation for De Okwesilieze International Women's Club, filed with the Secretary of State of the State of Texas on February 28, 2020, (Docket Entry No. 50 at 107–08);

- the articles of incorporation for the Okwesilieze Women's Club of Nigeria, filed with the Secretary of State of the State of Texas on September 17, 2003, (Docket Entry No. 50 at 109–11);

-  the notice of termination of membership sent to Ijeoma Opara, dated February 8, 2020, (Docket Entry No. 50 at 112); and

- an article from Hearts & Hands, Equifax Community Involvement, dated July 11, 2005.

### III.   Analysis

#### A.   The Motion to Withdraw the Deemed Admissions

The plaintiffs failed to timely respond to the defendants' first set of request for admissions, which the defendants use as their primary basis for asking the court to grant summary judgment dismissing the plaintiffs' claims.  The plaintiffs moved to withdraw the deemed admissions under Rule 36(b).  (Docket Entry No. 48).

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed R. Civ. P. 36(a)(3).  "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Fed R. Civ. P. 36(b).

The record shows that the defendants served this first set of requests for admissions by using an email address for the plaintiffs' counsel that is not the email address the plaintiffs' counsel designates on the signature block on his federal court filings as the email address for receiving pleadings, filings, and discovery requests.  (Docket Entry No. 48-1).  The defendants instead sent this first set of requests for admission to roger@rogerjain.com, which the plaintiffs' counsel does not use to note and calendar discovery requests.  (Docket Entry No. 46 at 1).  Instead, the email designated for these purposes is info@rogergain.com.  (Docket Entry No. 46 at 1).

When the plaintiffs learned in an August 2021 court hearing that they had not received the earlier set of requests for admission, the plaintiffs promptly served objections and responses and

moved to withdraw the deemed admissions. (Docket Entry No. 46 at 1). In short, the plaintiffs did not simply ignore requests that they knew about, and they promptly sought leave to withdraw the admissions and respond to the respond to defendant's first requests for admissions.

The presentation of this case on the merits would clearly be served by allowing the plaintiffs to withdraw the deemed admissions and file objections and responses. The requests are for admissions on facts and legal issues that "go to the very heart of the merits" of the case. *Aguirre v. Asti Home Care, LLC*, No. EP-18-CV-149-KC, 2019 WL 12536902, at *2 (W.D. Tex. Apr. 25, 2019) (citation omitted). For example, the requests ask whether Chukwu has any evidence to support her allegations, whether she or the Plaintiff Club suffered any damages, and whether she or the Plaintiff Club own the trademark. (Docket Entry No. 48-2 at 3–4).

Denying leave to withdraw or amend the unanswered—and therefore deemed—admissions amounts to a decision on the merits, with no opportunity to present the evidence or law on the merits. Withdrawing the deemed admissions promotes the presentation of the merits, meeting the first prong of Rule 36(b).

The second prong of Rule 36(b) is whether the defendants will suffer unfair prejudice if they cannot rely on deeming the admissions. There has been little discovery. The defendants have time to obtain and present evidence on the matters previously deemed admitted. *Cf. Am. Auto. Assn v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117, 2210 (5th Cir. 1991) (finding that a defendant was prejudiced when the district court sua sponte deemed admissions withdrawn and ignored others at trial because the plaintiff relied on the admissions and could not present contrary evidence at trial). As a result, allowing the plaintiffs to withdraw the deemed admissions does not risk unfair prejudice.

Finally, the plaintiffs demonstrated diligence in seeking prompt withdrawal of the deemed admissions and leave to respond to the requests as soon as the plaintiffs discovered their failure to timely respond.  This also supports granting the request to withdraw the deemed admissions.

The court grants the plaintiffs' motion for leave to withdraw deemed admissions and to respond to the defendants' first requests for admissions, (Docket Entry No. 48).

**B.     Dr. Gboliwe Chukwu Has Standing to Sue for Trademark**

The defendants argue that Chukwu lacks standing to sue based on her status as "a member or registered agent" of the nonprofit Plaintiff Club.  (Docket Entry No. 44 at ¶ 4).  But Dr. Chukwu is the registrant of the trademark in dispute.  She has standing to bring a trademark infringement claim under 15 U.S.C. § 1114.  *Gaia Techs., Inc. v. Reconversion Techs., Inc.,* 93 F.3d 774, 777 (Fed. Cir. 1996), *amended by*, 104 F.3d 1296 (Fed. Cir. 1996).  The motion for summary judgment as to Dr. Chukwu's claims based on her lack of standing is denied.

**C.     The Okwesilieze Women's Club of Nigeria International has Standing to Sue**

The defendants allege that the Plaintiff Club lacks standing because Dr. Chukwu is "piloting this lawsuit," and under Rule 12 of the Texas Rules of Civil Procedure, she cannot bring a claim on the Club's behalf.  (Docket Entry No. 44 at ¶ 5).  These arguments appear to relate to Dr. Chukwu's standing, not that of the Plaintiff Club.  As the trademark registrant Dr. Chukwu has standing to sue.  As the first user of the trademark and the entity from which funds were allegedly converted, the Plaintiff Club, the Okwesilieze Women's Club of Nigeria International, also has standing to assert the trademark infringement and conversion claims.  The court denies the defendants' motion for summary judgment based on the claimed lack of the Plaintiff Club's standing.

### D.      The Claims Against the Individual Defendants

The plaintiffs agree that one defendant, Philomena Chinwe Ekwealor, should be dismissed from the lawsuit because she passed away this year.  (Docket Entry No. 44 at ¶ 6; Docket Entry No. 50 at ¶ 11).    The court agrees.

The defendants argue that another individual defendant, Ijeoma Opara, is entitled to summary judgment as to the plaintiffs' claims against her because the court granted her earlier motion to dismiss, (Docket Entry No. 14).  But the court's order granted the motion to dismiss without prejudice and with leave to amend, and the plaintiffs filed an amended complaint that asserts additional claims against Ms. Opara for conversion, conspiracy, and breach of fiduciary duty.  This is the first dispositive motion in response to that complaint.  The court concludes that Ms. Opara is a proper party.

The defendants argue that the claims against the remaining individual defendants should be dismissed because they are not liable as members of the nonprofit Defendant Club for the actions of the Club.  They argue that they are protected by Texas Business Organizations Code § 22.221 because they acted "in the best interest of the corporate entity."  (Docket Entry No. 44 at ¶ 10).  Section 22.221(a) requires a director to "discharge the director's duties, including duties as a committee member, in good faith, with ordinary care, and in a manner the director reasonably believes to be in the best interest of the corporation." Section 22.221(b) states that:

> A director is not liable to the corporation, a member, or another person for an action taken or not taken as a director if the director acted in compliance with this section.  A person seeking to establish liability of a director must prove that the director did not act: (1)  in good faith; (2)  with ordinary care;  and (3)  in a manner the director reasonably believed to be in the best interest of the corporation.

Tex. Bus. Org. Code § 22.221.

The defendants' argument has two flaws.  One is that it does not take into account that the amended complaint alleges torts directly against the defendants in their individual capacities, not in their role as former directors of the Plaintiff Club.  Another flaw is that that the amended complaint alleges, and the record identifies facts that could show, that the individual defendants did not reasonably believe that their acts were in good faith, taken with ordinary care, or in the Plaintiff Club's best interest.  Chukwu's declaration alleges that one or more of the individual defendants failed to attend meetings for extended periods; when they did attend, they created such a scene that police had to be called; and, after they were expelled by the Plaintiff Club, took money from the Plaintiff Club's bank account that, according to the bylaws, were nonreimbursable dues, and distributed the money without permission.  (Docket Entry No. 50 at 27–28).  The Plaintiff Club provided copies of checks made out to the individual defendants drawn from the Plaintiff Club's bank account.  (Docket Entry No. 50 at 32–105).  On this record, the defendants have not shown that § 22.221 applies in this context to entitle them to judgment as a matter of law.

### E.    The Challenge to the Validity of the Trademark

The defendants argue that the court should hold that the trademark "Okwesilieze Women's Club" is invalid and ask the court to cancel it.  They seek the same relief from the Patent and Trademark Office.  (Docket Entry No. 44 at ¶ 12; Docket Entry No. 32).  There is no counterclaim for cancellation.  The defendants rely on the court's decision to deny their earlier motion to stay, (Docket Entry No. 37), which concluded that the court need not wait for the Patent and Trademark Office decision to proceed with this case.  Alternatively, the defendants' argument can be interpreted as urging that the trademark is invalid because the word "Okwesilieze" is generic, and therefore the defendants are entitled to summary judgment on the plaintiffs' trademark infringement and dilution claims. (Docket Entry No. 44 at 5–7, 15).

To prevail on a trademark infringement claim, plaintiffs must show that "(1) [they] possess[] valid trademarks; and (2) [the defendants'] use of [their] trademarks creates a likelihood of confusion as to source, affiliation, or sponsorship." *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). The court's first task is to determine whether the mark is valid. *See Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.,* 550 F.3d 465, 474 (5th Cir. 2008). Courts conduct the validity analysis by classifying the mark as generic, descriptive, suggestive, arbitrary, or fanciful. *Id.* at 475. "A mark is generic if it describes 'what the product or service is, not its source or where it came from.'" *Constr. Cost Data, L.L.C. v. Gordian Grp., Inc.*, 814 F. App'x 860, 869 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2466 (2021) (citing McCarthy on Trademarks and Unfair Competition § 12:1 (4th ed. 2010)). Generic marks receive no protection, and descriptive marks must have secondary meaning to receive protection. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768–69 (1992). A registered mark is entitled to a presumption of validity, *see* 15 U.S.C. 1057(b), but this presumption may be rebutted by establishing that the mark is not inherently distinctive because it is either generic or descriptive and lacking in secondary meaning. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 237 (5th Cir. 2010).

The Defendant Club has not presented a sufficient basis to hold that, as a matter of law, the trademark is invalid. "Common words in which no one may acquire a trademark because they are descriptive or generic may, when used in combination, become a valid trademark." *Sec. Ctr., Ltd. v. First Nat. Sec. Centers*, 750 F.2d 1295, 1302 (5th Cir. 1985) (citation omitted). The doctrine of foreign equivalents "requires courts to translate foreign words into English to test them for genericness or descriptiveness." *Enrique Bernal F., S.A. v. Guadalajara*, 210 F.3d 439, 443 (5th Cir. 2000). The Fifth Circuit has explained that foreign words may not have an exact equivalent

translation in English, and therefore courts may rely on evidence of the "'primary and common translation' in determining English equivalency." *Id*. (quoting 3 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 23:38, at 23–85). A term may have a generic meaning among native speakers that is different from the dictionary definition. *See, e.g.*, *Otokoyama Co. v. Wine of Japan Imp., Inc.*, 175 F.3d 266, 268, 273 (2d Cir. 1999) (remanding to consider whether "otokoyama" is used as a generic term for "sake" in Japan although Japanese pictograms translated to "man" and "mountain"); *Burke v. Cassin*, 45 Cal. 467, 479 (1873) (concluding that "schnapps" is generic for gin, despite the fact that its literal translation from German means "dram" or "drink").

In *Enrique Bernal*, the court identified two assumptions underlying the foreign equivalents doctrine: first, "the assumption that there are (or someday will be) customers in the U.S. who speak that foreign language," *Enrique Bernal*, 210 F.3d at 443 (citation omitted), and second, "because U.S. companies would be hamstrung in international trade if foreign countries granted trademark protection to generic English words, the U.S. reciprocates and refuses trademark protection to generic foreign words." *Id.*

The issue in *Enrique Bernal* was whether the term "chupa" in the mark "Chupa Chups" was likely to be confused with the defendant's allegedly infringing mark, "Chupa Gurts." *Id.* at 441. Chupa Chups was a Spanish company that sold lollipops in the United States under the mark "Chupa Chups." *Id.* Dulces Verdes was a Mexican company that sold frozen yogurt-flavored lollipops under the name "Chupa Gurts." *Id.* The court concluded that "chupa" is a form of the verb "chupar," meaning "to lick" or "to suck," but that it had come to signify "lollipop" or "sucker" in Spanish-speaking countries, so the word on its own could not receive trademark protection. I*d.* at 443–45.

14

The first step in the analysis is translating the word "Okwesilieze," which, combined with "Women's Club," is the disputed trademark.   The registration states that the "wording 'OKWESILIEZE' has no meaning in a foreign language."  (Docket Entry No. 50 at 31).  The Defendant Club points to sources cited in its application for cancellation of a trademark with the United States Patent and Trademark Office.  (Docket Entry No. 44 at 7 (citing Docket Entry No. 32)).   The evidence in support of cancellation includes: an internet source identifying Dr. Emmanuel Okwesilieze Nwodo as a political figure in the Engu State of Nigeria, where Igbo is commonly spoken, (Docket Entry No. 32-1 at 13); an Igbo dictionary definition of "eze" stating that it means "king" or "chief,"  (Docket Entry No. 32-1 at 56); and an online source defining sirieze as "befitting of a king," (Docket Entry No. 32-1 at 19).[1]

The meaning associated with the man's name "Okwesilieze" appears to be a person who has leadership qualities, is conscientious, diligent, and dependable, and is known for good deeds. The Plaintiff Club argues that the mark "Okwesilieze Women's Club" is "immediately recognized by the public as a brand indicator of, and inextricably associated with, [the Plaintiff Club's] non-profit humanitarian efforts."  (Docket Entry No. 50 at 21).  At this stage of the case, the record is inadequate for the court to decide whether "Okwesilieze"  has a meaning, what that meaning is, and whether it is generic.  The record does not show that "Okwesilieze" is a generic term for Nigerian Women's Clubs, such that the Defendant Club is entitled to summary judgment.  Even if the word "Okwesilieze" is generic, the term "Okwesilieze Women's Club" may not be.

The policies the Fifth Circuit identified in *Enrique Bernal* undergirding the doctrine of foreign equivalents support finding that the trademark "Okwesilieze Women's Club" is not

---

[1] The Defendant club maintains that "okwesilieze" has the same meaning as "okwesirieze." (Docket Entry No. 32-1 at 4).

generic.  It appears that Igbo-speakers in the United States may understand the word "Okwesilieze" to be generic, but not as a designator of Nigerian Women's Clubs. This is particularly true on these facts, in which the Plaintiff Club and the Defendant Club advertise to, and admit as members, only Nigerian women in the United States.   It does not appear that Nigerian women would understand "Okwesilieze" to be the generic designator of a women's club.   The record is inadequate to determine whether the mark "Okwesilieze Women's Club" is protected or infringed.   The defendants' motion for summary judgment on trademark invalidity and dilution is denied.

The defendants' remaining arguments are equally unavailing.  The defendants argue that summary judgment is appropriate on the trademark infringement claim because "a corporation may not sue itself for infringing its[] own Service Mark," and the parties have "stipulated" that the mark is corporate property.  (Docket Entry No. 44 at ¶ 35).  The defendants rely on a board resolution from the Defendant Club dated March 21, 2020, that temporarily changed the name of Okwesilieze Women's Club of Nigeria International to De Okwesilieze International Women's Club. (Docket Entry No. 44 at ¶ 35; Docket Entry No. 20-2).  The plaintiffs respond that this case involves two distinct corporate entities and cite to the two sets of articles of incorporation filed with the Secretary of the State for the State of Texas. (Docket Entry No. 50 at 107–11).  The plaintiffs additionally argue that the board resolution is irrelevant because the signatories had been expelled from the Plaintiff Club when they signed the resolution.  (Docket Entry No. 50 at 20). The record does not show that the Plaintiff Club is suing itself so as to make summary judgment proper on this ground.

The defendants additionally argue that there is "no evidence" that the trademark has been impaired or that they have used the mark in commerce.  (Docket Entry No. 44 at 15).  Relying on Dr. Gboliwe Chukwu's declaration, the plaintiffs argue that the Defendant Club used the trademark

to form and register a club that competes directly with the Plaintiff Club, and to advertise for members and to conduct fundraising for the competing Defendant Club. (Docket Entry No. 50 at 22, 29). The record does not permit granting summary judgment on this "no evidence" basis.

Summary judgment on the trademark issues is denied.

### G. The Texas Deceptive Trade Practices Act Claim

The defendants contend that summary judgment is proper on the Texas Deceptive Trade Practices Act claim because they did not receive proper presuit notice of the claim. (Docket Entry No. 44 at ¶ 26). The defendants also argue that the plaintiffs' claim fails as a matter of law because they cannot show that they are consumers, as required by the Act. (Docket Entry No. 44 at ¶ 26). The plaintiffs contend that their claims arise under § 17.12 of the Deceptive Trade Practices Act, not § 17.46(a), so they do not need to be a consumer to file suit. The plaintiffs' claim in their amended complaint is nearly identical to the text of Texas Business and Commerce Code § 17.12, which "does not provide for an 'implied civil remedy,' but by its own terms, provides for criminal penalties only." *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 585 (Tex. App.—Fort Worth 1987, writ ref'd n.r.e). *See also John Paul Mitchell Sys. v. Randalls Food Markets, Inc.*, 17 S.W.3d 721, 734 (Tex. App.—Austin 2000, no pet.) (explaining that § 17.12 establishes "a criminal offense"). The statute specifies that the consequence of violating § 17.12 is a misdemeanor conviction. § 17.12(d).

The defendants also argue that if the plaintiffs seek relief under § 17.46(a), they do not meet the Texas Deceptive Trade Practices Act definition of consumers who may assert a claim under § 17.46 for false, misleading, or deceptive practices or acts. *Ortiz v. Collins*, 203 S.W.3d 414, 424 (Tex. App.—Houston [14th Dist.] 2006, no pet.). To be consumers, plaintiffs must allege and point to facts showing that they have "sought or acquired goods or services by purchase or

17

lease, and those goods or services must form the basis of the complaint." *Id. See also* Tex. Bus. & Com. Code § 17.45 (defining consumer). Whether the plaintiffs are consumers is a question of law. *Ortiz*, 203 S.W.3d at 424.

The plaintiffs' argument in responding to the summary judgment motion is that they sued under § 17.12, but this section does not provide a civil-damages cause of action. They do not point to evidence of, or claim to have, consumer status. (Docket Entry No. 50 at ¶ 31). The defendants are entitled to summary judgment on this claim because the plaintiffs do not have a cause of action under § 17.12 and have not shown that there is a factual dispute material to determining that they are not consumers under § 17.45.

### E.  The Breach of Fiduciary Duty Claim

The defendants argue that they are entitled to summary judgment on the plaintiffs' breach of fiduciary duty claim because the plaintiffs have pleaded no facts, and the record evidence shows no basis to establish, a fiduciary relationship or breach between the competing clubs or between any of the individual defendants and the Plaintiff Club.

The amended complaint alleges that the individual defendants were officers and directors of the Plaintiff Club and owed fiduciary duties to that Club, which were breached when the individual defendants withdrew money from the Plaintiff Club accounts without authorization and in violation of the Plaintiff Club rules that money paid as dues was not reimbursable. (Docket Entry No. 25 at ¶ 23, 52). "Under Texas law, corporate officers and directors owe fiduciary duties to the corporations they serve and must not allow their personal interests to prevail over the interests of the corporation." *In re Harwood*, 637 F.3d 615, 620 (5th Cir. 2011). "[W]hen corporate controllers misappropriate corporate funds for their own use . . . , they do so in violation of their fiduciary duty to the corporation[.]" *Ritchie v. Rupe*, 443 S.W.3d 856, 885 (Tex. 2014).

The record includes a declaration from Dr. Chukwu stating that:

> On February 18, 2020, without authorization from [the Plaintiff Club], and after they had been expelled, Defendants Hope Waobikeze, Emiliana Chukwu and Rose Ekeke went to the bank and withdrew $14,400.00 from the [Plaintiff club] savings account and $58,000.00 from the [Plaintiff Club] checking account.   After withdrawing the funds, Defendants divided the money between themselves and remaining [Plaintiff Club] members, who all accepted the money as …dues and called it a refund.   At no time did any of the Defendants have authorization from [the Plaintiff Club] to withdraw these funds.   In fact, [the Plaintiff Club] Constitution specifically prohibits members from receiving refunds of membership dues and stipulates that no member will be entitled to a refund of membership dues.

(Docket Entry No. 50 at 28).   The plaintiffs include copies of checks from Hope Waobikeze stating on the memo line that they were for "Okwesilieze Reimbursement." (Docket Entry No. 50 at 32–112).   There is no basis on the current record to grant the defendants' motion for summary judgment as to the breach of fiduciary duty claim as to Hope Waobikeze, Emiliana Chukwu and Rose Ekeke.   The Plaintiff Club has not alleged, nor shown that there is a material factual dispute as to, any acts of the remaining individual defendants supporting a claim for breach of fiduciary duty.

The Plaintiff Club has not shown that the Defendant Club owed a fiduciary duty to the Plaintiff Club.   The Defendant Club is entitled to summary judgment on the breach of fiduciary duty claim.

## F.    The Conversion Claim

Under Texas law, conversion occurs when one person makes an unauthorized, wrongful assumption and exercises dominion and control "over the personal property of another, to the exclusion of or inconsistent with the owner's rights[.]"   *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 447 (Tex.1971).   A conversion claim for money may be asserted when the money was: "(1) delivered for safe keeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by its keeper."   *Newsome v.*

*Charter Bank Colonial*, 940 S.W.2d 157, 161 (Tex. App.—Houston[14th Dist.] 1996, writ denie*d*).

The plaintiffs' conversion claim is based on their allegation that after being expelled from the Plaintiff Club, the individual defendants Hope Waobikeze, Emiliana Chukwu, and Rose Ekeke withdrew $72,400 from the Plaintiff Club corporate bank accounts accounts and distributed it to at least some of the Plaintiff Club members, including members who had been expelled and were forming the Defendant Club. (Docket Entry No. 50 at 13). The defendants argue that the distribution of Plaintiff Club's corporate funds "was requested by its members, approved by its[] officers, and ratified by its[] Board of Directors." (Docket Entry No. 44 at 12). The defendants rely on a Defendant Club board resolution signed by defendants Genevieve Onyirioha and Nkechi Eko, dated March 21, 2020, which "ratifies the decision of elected executive officers of [Plaintiff Club] regarding the withdrawal and distribution of members dues to all members." (Docket Entry No. 20-2 at 2). The defendants additionally argue that Dr. Chukwu received and cashed a check from the Plaintiff Club accounts, showing that the defendants' early withdrawals and distributions from those accounts were justified. (Docket Entry No. 44 at 13).

The plaintiffs respond that they did not agree to the withdrawal of funds from the Plaintiff Club bank accounts, and that the withdrawal was prohibited by the organization's constitution. (Docket Entry No. 50 at 28). They rely on Dr. Chukwu's declaration. (Docket Entry No. 50 at 28). The record is insufficient to grant the summary judgment motion as to the claim for conversion of the Plaintiff Club's money against individual defendants Hope Waobikeze, Emiliana Chukwu, and Rose Ekeke, who allegedly wrongfully withdrew the money from the Club's savings and checking accounts and divided it among the remaining defendants. The motion for summary

20

judgment as to conversion is denied as to Hope Waobikeze, Emiliana Chukwu, and Rose Ekeke. The motion is granted as to the remaining defendants.

### G.    Conspiracy

The plaintiffs bring a claim against all defendants for civil conspiracy, but under Texas law, civil conspiracy is not an independent tort.  *Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 140–42 (Tex. 2019).  It is a theory of liability for an underlying tort.  *Id.* at 142.  Civil conspiracy "survives or fails alongside" the underlying tort alleged.  *Id.* at 141.  "[C]ivil conspiracy is a theory of liability that allows an injured party to recover from a tortfeasor's coconspirators." *Tummel v. Milane*, 787 F. App'x 226, 227 (5th Cir. 2019).  To the extent that the plaintiffs are bringing an independent claim for conspiracy, the defendants are entitled to summary judgment on that claim.

"The Texas Supreme Court recently defined the elements of civil conspiracy as '(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.'" *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N. A.*, 800 F. App'x 239, 248 (5th Cir. 2020) (quoting *Agar*, 580 S.W.3d at 141–42).  The plaintiffs argue that the defendants:

> acted together with the specific intent to break away from [the Plaintiff Club], form their own corporation using a name almost identical to [the Plaintiff Club] in order to take advantage of [the Plaintiff Club's] goodwill and attract members of [the Plaintiff Club], and to steal corporate funds and deposit them into their respective personal bank accounts.

(Docket Entry No. 50 at 19).  The plaintiffs allege that the defendants' underlying torts were conversion, breach of fiduciary duty, and fraud.  (Docket Entry No. 25 at ¶ 48).  The plaintiffs cannot pursue a conspiracy theory based on the defendants' fraud because they did not bring a claim for fraud.  As for the conversion and breach of fiduciary duty claims, the plaintiffs may

21

pursue a conspiracy theory of vicarious liability against Hope Waobikeze, Emiliana Chukwu, and Rose Ekeke.  But there is no separate claim for conspiracy, so the defendants cannot be liable both for the underlying tort and under a conspiracy theory.  *See In re Rose*, No. 4:19-CV-98, 2021 WL 3795421, at *27 (E.D. Tex. Aug. 25, 2021) ("[U]nder Texas law, a defendant cannot be separately liable for civil conspiracy and also be personally liable for the underlying tort.").  The plaintiffs have failed to show that there is there is a factual dispute material to the remaining defendants' involvement, either directly or as coconspirators, in the acts giving rise to their claims for conversion and breach of fiduciary duty.  Summary judgment is granted as to these claims.

### H.    The Unfair Competition Claim

The plaintiffs bring an unfair competition claim under 15 U.S.C. § 1125(a)(1)(A).  (Docket Entry No. 25 at 7).  The defendants moved for summary judgment, but they cited to another portion of the statute, 15 U.S.C. § 1125(a)(1)(B), which relates to false advertising.  The plaintiffs respond that they are not making a false advertising claim.  (Docket Entry No. 50 at ¶ 55).

"Unfair competition requires that the 'plaintiff show an illegal act by the defendant which interfered with the plaintiff's ability to conduct business.'"  *Boltex Mfg. Co., L.P. v. Galperti, Inc.*, 827 F. App'x 401, 410 (5th Cir. 2020).  The plaintiffs must show "(1) that it owns a legally protectable mark . . . and (2) that [the defendants'] use of the mark creates a likelihood of confusion as to source, affiliation, or sponsorship."  *See Viacom Int'l v. IJR Cap. Invs.*, L.L.C., 891 F.3d 178, 185 (5th Cir. 2018).

The plaintiffs argue that by forming a second organization with a nearly identical name, the defendants are attempting to "pass off" the Defendant Club services as those offered by the Plaintiff Club.  (Docket Entry No. 50 at ¶ 55).  The defendants contend that there is "no evidence that any consumers were or could be deceived or influenced, no evidence that defendants utilized

the mark in commerce by way of advertisement or other techniques." (Docket Entry No. 44 at 16). The defendants' motion relies in large part on the deemed admissions, which have been withdrawn. And the defendants' motion does not address Dr. Chukwu's declaration stating that the Defendant Club is using the infringed trademark of the Plaintiff Club to advertise, seek members, and fundraise.  (Docket Entry No. 50 at 29).  The defendants have failed to show the absence of a factual dispute material as to whether the mark is legally protected and whether their use of the mark creates a likelihood of confusion.  The record does not support granting the defendants' motion for summary judgment on the unfair competition claim.

## I.      Motion to Withdraw as Counsel for Plaintiffs

The plaintiffs' counsel filed a motion to withdraw as counsel, (Docket Entry No. 56), based on a breakdown in communication and the attorney-client relationship between counsel and the plaintiffs.  "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."  *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)).  The plaintiffs' counsel submitted an email from Chukwu in which she terminated the attorney-client relationship on behalf of herself and the Plaintiff Club and stated that the plaintiffs have obtained other counsel.   (Docket Entry No. 56 at 4).  The court concludes that good cause exists to grant the motion to withdraw.

## IV.    Conclusion

The court grants the plaintiffs' motion for leave to withdraw deemed admissions, (Docket Entry No. 48), and grants the plaintiffs' counsel's motion to withdraw as counsel, (Docket Entry No. 56).  The defendants' motion for summary judgment, (Docket Entry No. 44), is granted as to:

- all claims against Philomena Chinwe Ekwealor;

- the Texas Deceptive Trade Practices Act Claim as to all defendants;

- the breach of fiduciary duty claim as to the Defendant Club, Genevieve Onyirioha, Oluchi Duruji, Veronica Onwukamuche, Nkechi Eko, Ijeoma Opara, and Veronica Onunze;

- the conversion claim as to the Defendant Club, Oluchi Duruji, Veronica Onwukamuche, Ijeoma Opara, Veronica Onunze, Genevieve Onyirioha and Nkechi Eko; and

- the conspiracy claim as to all defendants.

The defendants' motion for summary judgment is denied as to:

- the trademark infringement, dilution and unfair competition claims as to all defendants;

- the breach of fiduciary duty claims against Hope Waobikeze, Emiliana Chukwu and Rose Ekeke; and

- the conversion claims against Hope Waobikeze, Emiliana Chukwu, and Rose Ekeke.

SIGNED on November 16, 2021, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge

24